**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

DENNIS BAILLARGEON

        v.                                      Civil No. 26-cv-515-SE-AJ

NEW HAMPSHIRE ATTORNEY GENERAL

**REPORT AND RECOMMENDATION**

Dennis Baillargeon, appearing without counsel, filed a petition entitled, "Petition for Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651" (Doc. No. 1).  He seeks to vacate his June 22, 2023 driving-under-the-influence ("DUI") (first offense) conviction, under RSA 265-A:2, I(a).  See State v. Baillargeon, No. 473-2015-cr-00156 (N.H. Cir. Ct., 10th Cir., Dist. Div., Salem, June 22, 2023), aff'd, No. 2023-0407, 2024 WL 4215501, 2024 N.H. LEXIS 198 (N.H. Aug. 22, 2024) (Doc. No. 1-2, at 9-13).  For reasons explained below, Baillargeon's petition is properly dismissed, as he is not currently "in custody" for purposes of obtaining federal habeas relief, and this court lacks jurisdiction to issue a writ of error coram nobis relating to his state conviction.

**BACKGROUND**

Following a trial in the Tenth Circuit Court, District Division, Salem ("Salem District Court"), Baillargeon was convicted of misdemeanors and traffic violations including DUI (first offense), a Class B misdemeanor.  Baillargeon's sentence for the DUI offense, imposed in June 2023, consisted of a fine; mandatory participation in an Impaired Driver Care Management Program; and a 9-month revocation of his driver's license, effective June 23, 2023.  The New Hampshire Supreme Court affirmed that conviction in an August 22, 2024 order.

Baillargeon filed a motion for a new trial in Salem District Court in June 2025.  That court denied that motion for lack of jurisdiction.  Petitioner then filed a petition for writ of error coram nobis in Rockingham County Superior Court, and that court denied his petition in January 2026.  The New Hampshire Supreme Court declined to accept an appeal of that Superior Court decision in May 2026.

Baillargeon claims here that the prosecutor in his Salem District Court criminal trial failed to properly disclose that dashcam evidence was unavailable, in a manner that Petitioner claims violated his Fourteenth Amendment rights under Brady v. Maryland, 373 U.S. 83 (1963).  He asserts he would have offered the testimony of another witness if he had known that there was no dashcam evidence.  Baillargeon further claims that the prosecutor's responses to the trial court's questions about the available evidence and witnesses misled the trial court into denying Petitioner's motion for a continuance of the trial, in violation of Petitioner's federal rights.

Baillargeon filed this action approximately two years after his conviction became final, and more than a year after he completed the Impaired Driver Care Management Program.  Baillargeon's pleadings acknowledge that Baillargeon completed the "physical terms of confinement," relating to his sentence.  Doc. No. 1, at 2.  His fine was paid from the bail he posted.  He maintains, however, that he is subject to "adverse collateral consequences" and "ongoing civil disabilities" relating to his conviction, specifically, "continuous revocation" of his "professional home improvement contractor license" and, because of the "high cumulative costs of state-mandated programs and fees," he has been "unable to restore his driving privileges."  Doc. No. 1, at 2-3.

**LEGAL STANDARD**

This court has authority to dismiss any civil action filed by a nonprisoner proceeding in forma pauperis, where the court lacks subject matter jurisdiction, or the initial pleading fails to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2); see also LR 4.3(d)(2).  Similarly, under 28 U.S.C. § 2243, this court may "dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994); see also Rules 1(b) & 4 of the Rules Governing § 2254 Petitions ("§ 2254 Rules"); LR 4.3(d)(4). The court construes Baillargeon's pleadings liberally, in light of his pro se status.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**DISCUSSION**

**I.      Error Coram Nobis**

**A.      Common Law Writ**

Baillargeon styled his petition as one seeking this court's issuance of the common law writ of error coram nobis.

> A petition for a writ of coram nobis is "an extraordinary remedy" that allows criminal defendants to attack their convictions after they are no longer in custody. The modern writ of coram nobis allows a trial court to correct its own legal or factual errors, as it provides "an extension of the original proceeding during which the error allegedly transpired."
>
> However, only the court that imposed the sentence has jurisdiction to grant a writ of coram nobis.  If the conviction at issue is the result of a state court judgment, as it is here, a federal district court lacks subject matter jurisdiction.  Every federal district or circuit court opinion identified by this Court has reached the same conclusion.

Stoller v. United States, 216 F. Supp. 3d 171, 174-75 (D.D.C. 2016) (citing cases) (internal citations and footnotes omitted).  Accordingly, this court lacks jurisdiction to issue a common law writ of error coram nobis to invalidate Baillargeon's state DUI conviction.

**B.    All Writs Act**

Baillargeon cited the All Writs Act, 28 U.S.C. § 1651, as authority for issuing the relief

he seeks.  The All Writs Act states that federal courts "may issue all writs necessary or

appropriate in aid of their respective jurisdictions."  28 U.S.C. § 1651(a).

The "All Writs Act is not a font of jurisdiction."  United States v. Denedo, 556 U.S. 904,

914 (2009).  "The All Writs Act is a residual source of authority to issue writs that are not

otherwise covered by statute."  Pa. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34,

43 (1985).  The All Writs Act does not provide this court with jurisdiction to grant a writ of error

coram nobis as to a state conviction, as this court does not otherwise have jurisdiction over that

conviction.   Accordingly, the court should dismiss the petition to the extent it seeks a writ of

error coram nobis under the common law or under the All Writs Act.

**II.    Habeas Corpus**

**A.    Statutory "In Custody" Requirement**

If this court were to construe Baillargeon's petition as intending to invoke the court's

habeas jurisdiction, the outcome would be the same: dismissal for lack of jurisdiction.  The

federal statutes providing for habeas relief vest this court with jurisdiction to consider a petition

challenging a state court judgment filed by a person "in custody" in violation of the Constitution

or laws or treaties of the United States.  28 U.S.C. §§ 2241(c)(3), 2254(a); Maleng v. Cook, 490

U.S. 488, 490-91 (1989).  "Custody is a restraint on individual liberty that is '(1) severe, (2)

immediate (i.e., not speculative), and (3) not shared by the public generally.'"  Duka v. United

States, 27 F.4th 189, 195 (3d Cir. 2022) (citation omitted).  "The custody requirement of the

habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe

restraints on individual liberty."  Hensley v. Mun. Ct., 411 U.S. 345, 351 (1973).

4

The "in custody" requirement is jurisdictional.  See Maleng, 490 U.S. at 493.  The habeas petitioner must be "in custody under the conviction or sentence under attack at the time his petition is filed."  Id. at 490–91 (quotation marks omitted).  A person is not "in custody" if the sentence at issue has fully expired at that time.  Id. at 492.

The license revocations and financial components of Baillargeon's sentence are not restraints that satisfy the custody requirement.  See United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990) (fine does not satisfy "custody" requirement); Lillios v. New Hampshire, 788 F.2d 60 (1st Cir. 1986) (fine and driver's license suspension of 30 days did not satisfy "custody" requirement).

"Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  Maleng, 490 U.S. at 492.  A sentence like Baillargeon's "that has been fully served does not satisfy the custody requirement of the habeas statute, despite the collateral consequences that generally attend a criminal conviction."  Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984) (citations omitted).

> [E]ven grievous collateral consequences stemming directly from a conviction cannot, without more, transform the absence of custody into the presence of custody for the purpose of habeas review.

Lefkowitz v. Fair, 816 F.2d 17, 20–21 (1st Cir. 1987) (revocation of medical license is not "the type of grave restraint on liberty or the sort of ongoing governmental supervision which are unavoidable prerequisites of actionable 'custody'").  Baillargeon's inability to obtain a new driver's license because of what he calls the high cost of state mandates and fees, and his inability to obtain a contractor's license, both alleged to result from his DUI conviction, are the type of collateral consequences that do not satisfy the jurisdictional requirement.  Baillargeon

does not point to any restraint on his liberty that would satisfy the statutory in custody requirement.  Accordingly, this court lacks jurisdiction to grant the relief he seeks under the federal habeas statutes, 28 U.S.C. § 2254 or 28 U.S.C. § 2241.

B.    **Certificate of Appealability**

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2).  A certificate of appealability is properly denied in this case, to the extent Baillargeon's petition seeks relief from a state judgment claimed to violate his federal rights under 28 U.S.C. § 2254, as no reasonable jurist would find the "in custody" requirement debatably satisfied in this case.

## CONCLUSION

For the foregoing reasons, the magistrate judge recommends as follows:

1.  The district judge should dismiss the case for lack of subject matter jurisdiction.

2.  To the extent the Petition seeks relief under 28 U.S.C. § 2254, the district judge should decline to issue a certificate of appealability.

3.  Then, judgment should be entered, and the clerk should close this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  The objection period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in

the written objections to this R&R "'are subject to review in the district court,'" and any issues

"'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 6, 2026

cc:    Dennis Baillargeon, pro se